UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **Spring House Commercial, LLC,**<br><br>    Plaintiff,<br><br>v.<br><br>**City of Richmond, Kentucky, *et al.*,**<br><br>    Defendants. | Civil No. 5:21-149-KKC<br><br>**OPINION AND ORDER** |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on Plaintiff Spring House Commercial, LLC's Motion for Leave to File First Amended Complaint. (R. 16.) In its motion, Spring House asks the Court for permission to file an amended complaint in order to address events that have transpired since its original complaint was filed. Defendants do not oppose the motion. (R. 17.)

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend its pleadings at any time, so long as that party obtains either (1) the opposing parties' written consent, or (2) the Court's permission. Fed. R. Civ. P. 15(a)(2). If the opposing parties do not consent, the court should nevertheless "freely" allow the amendment of pleadings "when justice so requires." *Id*. "Whether this is an instance where 'justice so requires' is a question 'committed to the district court's sound discretion.'" *Martin v. Browning*, 2016 U.S. Dist. LEXIS 44352, at \*2 (E.D. Ky. Apr. 1, 2016) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). When deciding whether to exercise that

discretion, courts should consider whether there was: undue delay in filing, a lack of notice or undue prejudice to the opposing parties, bad faith by party seeking to amend, repeated failure to cure deficiencies by previous amendments, or whether the amendment would be futile. *McCoy v. Bd. of Educ.*, 515 F. App'x 387, 396 (6th Cir. 2013) (quoting *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458–59 (6th Cir. 2001)).

Here, the Defendants have stated they do not oppose Spring House's motion. (R. 17 at 1.) This satisfies Rule 15(a)(2)'s first potential condition—obtaining the opposing parties' written consent. But to the extent that a stated lack of opposition might be insufficient to satisfy Rule 15(a)(2)'s written consent condition, the second condition—the interests of justice—is also satisfied. Spring House is seeking to revise the allegations and claims in its complaint based on events that have transpired recently, and there is no indication of undue delay or any other factor to counsel against granting leave to amend. The Court will therefore allow Spring House to amend its complaint as requested.

Accordingly, because the Defendants do not oppose Spring House's motion and because it is in the interests of justice, it is hereby **ORDERED** that Plaintiff Spring House Commercial's Motion for Leave to File First Amended Complaint (R. 16) is **GRANTED**. The Clerk is **DIRECTED** to docket the tendered amended complaint.

Dated June 21, 2022.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY